IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANKLIN ELCOCK, | : | CIVIL ACTION NO. 05-453 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMCAST CABLE | : | |
| COMMUNICATIONS, LLC, | : | |
| a Delaware corporation, | : | |
| COMCAST CORPORATION, | : | |
| a Pennsylvania corporation, | : | |
| COMCAST CABLEVISION OF | : | |
| WILLOW GROVE, | : | |
| a Pennsylvania corporation, | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC TO THE COMPLAINT**

Defendant Comcast Cable Communications, LLC ("Comcast Cable") by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Franklin Elcock ("Plaintiff").

**I.   SUMMARY**

1.  Comcast Cable denies the allegations in paragraph 1 as conclusions of law to which no response is required.

**II.   JURISDICTION**

2.  Comcast Cable denies the allegations in paragraph 2 as conclusions of law to which no response is required.

3.  Comcast Cable denies the allegations in paragraph 3 as conclusions of law to which no response is required and denies the allegations to the extent that they purport to characterize the terms of a writing that speaks for itself, except that Comcast Cable admits only

that the Delaware Department of Labor made a reasonable cause determination and that the EEOC issued a notice of right to sue on April 5, 2005. By way of further answer, the EEOC did not adopt the findings of the Delaware Department of Labor.

### III. VENUE

4. Comcast Cable denies the allegations in paragraph 4 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

### IV. PARTIES

5. Comcast Cable admits only that Plaintiff is an adult African American male citizen of the United States and states that it is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5.

6. Comcast Cable admits only that Comcast Cable Communications, LLC is a Delaware corporation, it has more than 15 employees, Comcast Capital Corporation is its registered agent, and Comcast Capital Corporation is located at 1201 North Market Street, Suite 1405, Wilmington, Delaware. Comcast Cable denies the remaining allegations in paragraph 6.

7. The allegations in paragraph 7 are directed to a defendant other than answering defendant and are, therefore, denied.

8. The allegations in paragraph 8 are directed to a defendant other than answering defendant and are, therefore, denied.

### V. FACTS GIVING RISE TO THE ACTION

9. Comcast Cable denies the allegations in paragraph 9. By way of further answer, Comcast Cable states that Comcast Cable of New Castle County hired plaintiff on August 12, 2001 and terminated plaintiff's employment on or about July 17, 2003.

10. Comcast Cable denies as stated the allegations in paragraph 10. By way of further answer, plaintiff was promoted to a supervisory position on or about April 5, 2002.

11. Comcast Cable denies as stated the allegations in paragraph 11. By way of further answer, plaintiff was selected to participate as a team lead in a pilot program known as the ELM Project on or about September 9, 2002.

12. Comcast Cable denies as stated the allegations in paragraph 12. By way of further answer, the purpose of the ELM program was to create an entry level management structure that would allow the New Castle Call Center to best utilize its existing talent, provide a structure for ongoing development, and establish strong succession and promotional opportunities for its employees.

13. Comcast Cable denies the allegations in paragraph 13, except admits that the ELM Project consisted of eight team leads and four other supervisors and that plaintiff was a team lead in the ELM project.

14. Comcast Cable admits only that on or about September 9, 2002, Martin Jones, who is a Caucasian male, was a manager in the ELM Project and indirectly supervised plaintiff. Comcast Cable states that it is without knowledge or information to form a belief as to the truth of what plaintiff was told about Mr. Jones by other employees. Comcast Cable denies the remaining allegations in paragraph 14 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

15. Comcast Cable denies the allegations in paragraph 15.

16. Comcast Cable denies the allegations in paragraph 16.

17. Comcast Cable denies the allegations in paragraph 17. By way of further answer, in response to a complaint that he received from plaintiff's supervisor, Mr. Jones told

plaintiff that he should not spend hours loitering around other employees' desks during working hours.

17. Comcast Cable denies the allegations in paragraph 18, except that admits that Mr. Jones told plaintiff he had to overcome management's negative perceptions of him based on plaintiff's inappropriate conduct in the call center.

19. Comcast Cable denies the allegations in paragraph 19. By way of further answer, Mr. Jones encouraged all employees in the ELM Project to "think outside the box."

20. Comcast Cable denies the allegations in paragraph 20.

21. Comcast Cable denies the allegations in paragraph 21.

22. Comcast Cable denies the allegations in paragraph 22.

23. Comcast Cable denies as stated the allegations in paragraph 23. By way of further answer, Angela Wilson and Barbara Edwards are former employees of New Castle Call Center who filed lawsuits against Comcast Cable.

24. Comcast Cable denies the allegations in paragraph 24. By way of further answer, Mr. Jones met with plaintiff a number of times to ensure that they would have a good working relationship.

25. Comcast Cable denies the allegations in paragraph 25 except admits that plaintiff solicited feedback from CAE's regarding the issues they viewed as obstacles to effective performance.

26. Comcast Cable states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Comcast Cable admits the allegations in paragraph 27.

28. Comcast Cable states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Comcast Cable admits the allegations in paragraph 29.

30. Comcast Cable admits only that plaintiff continued to work as a team leader in the ELM program. Comcast Cable denies that "[b]y all objective standards, Elcock was performing well above average." Comcast Cable is without knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 30.

31. Comcast Cable denies the allegations in paragraph 31, except admits that plaintiff challenged his evaluation.

32. Comcast Cable denies the allegations in paragraph 32.

33. Comcast Cable denies the allegations in paragraph 33, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations about plaintiff's communications with Michael Patterson.

34. Comcast Cable denies the allegations in paragraph 34. By way of further answer, plaintiff gave Mr. Mosley a rebuttal to his review and Mr. Mosley met with plaintiff about this review.

35. Comcast Cable denies the allegations in paragraph 35.

36. Comcast Cable denies the allegations in paragraph 36.

37. Comcast Cable states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Comcast Cable denies the allegations in paragraph 38 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied, except admits that plaintiff made a seating chart for the team, as did Chris Britt.

39. Comcast Cable denies the allegations in paragraph 39.

40. Comcast Cable denies the allegations in paragraph 40.

41. Comcast Cable denies the allegations in paragraph 41, except admits that Mr. Dougherty met with plaintiff and Mr. Jones on or about July 2, 2003 to discuss plaintiff's complaint of race discrimination.

42. Comcast Cable denies the allegations in paragraph 42. By way of further answer, Mr. Jones regularly asked employees under his supervision where they wanted to be in five years.

43. Comcast Cable denies the allegations in paragraph 43, except admits that Mr. Jones agreed to change one grade on plaintiff's April 2003 evaluation.

44. Comcast Cable denies the allegations in paragraph 44, except admits that plaintiff's employment was terminated on or about July 17, 2003.

45. Comcast Cable denies the allegations in paragraph 45, except admits that plaintiff's employment was terminated because he made inappropriate statements to a subordinate of a sexual nature.

46. Comcast Cable denies the allegations in paragraph 46 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

47. Comcast Cable denies the allegations in paragraph 47 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

## COUNT ONE
## VIOLATION OF TITLE VII

48. Comcast Cable incorporates by reference paragraphs 1 through 47 as though set forth in full herein.

49. Comcast Cable denies the allegations in paragraph 49 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

50. Comcast Cable denies the allegations in paragraph 50 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

51. Comcast Cable denies the allegations in paragraph 51 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

52. Comcast Cable denies the allegations in paragraph 52 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

## COUNT TWO
## VIOLATION OF EQUAL RIGHTS UNDER THE LAW

53. Comcast incorporates by reference paragraphs 1 through 52 as though set forth in full herein.

54. Comcast Cable denies the allegations in paragraph 54 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

55. Comcast Cable denies the allegations in paragraph 55 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

56. Comcast Cable denies the allegations in paragraph 56 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

## COUNT THREE
## VIOLATION OF DELAWARE DISCRIMINATION IN EMPLOYMENT ACT

57. Comcast incorporates by reference paragraphs 1 through 56 as though set forth in full herein.

58. Comcast Cable denies the allegations in paragraph 58 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

## COUNT FOUR
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

59. Comcast incorporates by reference paragraphs 1 through 58 as though set forth in full herein.

60. Comcast Cable denies the allegations in paragraph 60 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

61. Comcast Cable denies the allegations in paragraph 61 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

62. Comcast Cable denies the allegations in paragraph 62 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

63. Comcast Cable denies the allegations in paragraph 63 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

64. Comcast Cable denies the allegations in paragraph 64 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

65. Comcast Cable denies the allegations in paragraph 65 as conclusions of law to which no response is required and states that to the extent the allegations are factual, they are denied.

WHEREFORE, Defendant Comcast Cable demands judgment in its favor and against plaintiff on all counts of the Complaint and an award if costs and disbursements of this action, attorneys' fees and costs and such other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Comcast Cable asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with plaintiff.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and laches.

### FOURTH AFFIRMATIVE DEFENSE

Comcast Cable acted at all times in good faith and for legitimate and non-discriminatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

Comcast Cable's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by Plaintiff, the existence of which is denied.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are limited by the statutory limitations on damages.

### NINTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff, the existence of which is denied, is the result of plaintiff's own actions or inactions.

### TENTH AFFIRMATIVE DEFENSE

Comcast Cable may not be held liable for punitive damages because it engaged in good faith efforts to prevent discrimination and retaliation and to comply with Title VII and all other applicable laws.

## ELEVENTH AFFIRMATIVE DEFENSE

Comcast Cable would have taken the same action and made the same decisions in the absence of Plaintiff's protected traits or alleged protected conduct.

Dated: August 19, 2005　　　　BALLARD SPAHR ANDREWS & INGERSOLL, LLP

　　　　　　　　　　　　　　　/s/ William M. Kelleher
　　　　　　　　　　　　　　　William M. Kelleher, Esquire (No. 3961)
　　　　　　　　　　　　　　　919 Market Street, 12th Floor
　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　Phone: (302) 252-4465
　　　　　　　　　　　　　　　Facsimile: (302) 252-4466
　　　　　　　　　　　　　　　E-mail: kelleherw@ballardspahr.com

　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　John B. Langel, Esquire
　　　　　　　　　　　　　　　Shannon D. Farmer, Esquire
　　　　　　　　　　　　　　　Farrah I. Gold, Esquire
　　　　　　　　　　　　　　　1735 Market Street, 51st Floor
　　　　　　　　　　　　　　　Philadelphia, PA 19103-7599
　　　　　　　　　　　　　　　Phone: (215) 665-8500
　　　　　　　　　　　　　　　Facsimile: (215) 864-8999

　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　Comcast Cable